# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    -v-                                  **Case No. 04-CR-307**

**RAMOND RICHARDSON,**

    **Defendant.**

## DECISION AND ORDER

On May 31, 2005, Ramond Richardson ("Richardson") pled guilty to possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1), and to a conspiracy to distribute 100 grams or more of heroin, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Richardson was sentenced to 130 months imprisonment, and judgment was entered against him on September 12, 2005.

On December 12, 2005, the Court received a letter from Richardson, in which he asked for an extension of time to file a notice of appeal. He also requested that new counsel be appointed to represent him on appeal. In his letter, Richardson claimed that he instructed his lawyer, Martin Kohler ("Kohler"), to file a notice of appeal, which Kohler failed to do. The Court afforded Kohler an opportunity to respond to Richardson's allegation that he did not timely file a notice of appeal.

On February 8, 2006, the Court received a response from Christopher Eippert ("Eippert"), who is an attorney in Kohler's law firm. Eippert attests that Richardson never wrote or called him asking to file an appeal. On September 16, 2005, shortly after judgment was entered against Richardson, Eippert sent Richardson a letter notifying him of his right to appeal and the deadline for doing so. Richardson never responded to Eippert's letter.

Rule 4(b)(1) of the Federal Rules of Appellate Procedure provides that a criminal defendant must file a notice of appeal within 10 days after the entry of the judgment. His notice of appeal, therefore, was due no later than September 26, 2005.[1] The Court may, pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, extend the time to file a notice of appeal upon a finding of "excusable neglect or good cause." The Court may only extend the time to appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by . . . Rule 4(b)." Fed. R. App. P. 4(b)(4).

Richardson's request to extend his time to file a notice of appeal must be denied. First, he has made no showing of excusable neglect or good cause. His attorney informed him of his right to appeal, and the deadline for doing so, shortly after his judgment was entered. Richardson never responded to his attorney's letter. Second, even if Richardson was able to show excusable neglect or good cause, he filed his notice of appeal well after the 30 day limit for extensions. The Court is only able to extend his time to appeal 30

---

[1] When computing deadlines, Federal Rule of Appellate Procedure 26(a)(2) provides that when the period is less than 11 days, the calculation excludes Saturdays, Sundays, and legal holidays.

2

days beyond his original deadline. *See* Fed. R. App. P. 4(b)(4). Richardson filed his request for an extension of time on December 12, 2005, which was more than 30 days after his September 26, 2005 deadline. Accordingly, Richardson's motion for an extension of time to file a notice of appeal is denied. Furthermore, his request to appoint new counsel for his appeal must necessarily be denied as well.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Richardson's Motion to Extend Time to File a Notice of Appeal and to Appoint New Counsel (Docket No. 225) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of February, 2006.

**SO ORDERED,**

<u>s/ Rudolph T. Randa</u>
**HON. RUDOLPH T. RANDA**
**Chief Judge**